UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL GARRISON,                          )
                                           )
       Plaintiff,                       )
                                           )
       v.                               )        Case No.
                                           )
DYNAMIC RECOVERY SOLUTIONS, LLC  )
                                           )
       Defendant.                       )

## PLAINTIFF'S COMPLAINT

    Plaintiff, MICHAEL GARRISON, ("Plaintiff"), through his attorneys, SHARON D. COUSINEAU, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act.,

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

47 U.S.C. §227, et seq. ("TCPA").

3.  The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4.  In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

PLAINTIFF'S COMPLAINT

2

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7.  This Court has jurisdiction under 28 U.S.C. §§1331, 1367, 15 U.S.C. §1692k (FDCPA).

8.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

10. Plaintiff is a natural person residing in Seattle, King County, Washington.

11. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

12. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

13. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

14. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a national collection agency headquartered in Greenville, Greenville County, South Carolina.

PLAINTIFF'S COMPLAINT

3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

17. Defendant is a business entity engaged in the collection of debt within the State of Washington.

18. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Washington and in the County of King, and within this judicial district.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

21. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

22. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

23. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

24. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

25. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

26. The alleged debt owed arises from transactions for personal, family, and household purposes.

27. On or around May 14, 2015, Defendant sent a letter to Plaintiff's home address

PLAINTIFF'S COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

attempting to collect an alleged debt.

28. In or around May 2015, Defendant began to utilize Plaintiff's cellular telephone number, XXX-XXX-7504, to place virtually daily incessant calls to Plaintiff pertaining to the alleged debt account.

29. In or around June 2015, Plaintiff answered a call from Defendant's debt collectors and told Defendant's collector that the alleged debt was not a debt owed by Plaintiff.

30. Despite Plaintiff informing Defendant that the alleged debt was not associated with Plaintiff, Defendant continued to place calls to Plaintiff's cellular telephone number.

31. When Plaintiff answered the phone, there was a delay before he was connected to a live person.

32. Defendant calls Plaintiff's cellular telephone at an annoying and harassing rate.

33. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

34. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

35. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

36. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

37. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

227(b)(1).

38. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

39. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

40. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

41. Even if Plaintiff did consent to receive calls using an automated telephone dialing system, Plaintiff's consent was revoked when Plaintiff spoke to Defendant and informed Defendant that the alleged debt account was not associated with Plaintiff.

42. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff informed Defendant that the alleged debt was not

PLAINTIFF'S COMPLAINT

6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

associated with Plaintiff;

    b.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff informed Defendant that the alleged debt was not associated with Plaintiff;

WHEREFORE, Plaintiff, MICHAEL GARRISON, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

47. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the delay between Plaintiff answering the phone and Plaintiff being connected to a live person.

50. These phone calls were made without the prior express consent of Plaintiff.

51. Defendant's conduct therefore violated the TCPA by:

PLAINTIFF'S COMPLAINT

7

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

a.   Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MICHAEL GARRISON, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

52. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

53. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

54. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

55. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

DATED: December 2, 2015          By:  /s/Sharon D. Cousineau
                                      Sharon D. Cousineau
                                      Samwel Cousineau, PC
                                      700 West Evergreen Blvd.
                                      Vancouver, WA 98660
                                      Tel. 360-750-3789
                                      Fax 360-750-3788
                                      sdcousineau@gmail.com


PLAINTIFF'S COMPLAINT

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788